Annie S. Wang (CA SBN 243027)
*annie@wangalc.com*
J. Andrew Coombs, Of Counsel (CA SBN 123881)
*andy@wangalc.com*
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:   (818) 500-3200
Facsimile:    (818) 500-3201

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Seiko Epson Corporation and Epson America, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Khoa Le a/k/a Kenny Le; and Does 1-10, inclusive, <br><br> Defendants. | Case No. <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; AND FALSE ADVERTISING <br><br> DEMAND FOR A JURY TRIAL |

Plaintiffs Seiko Epson Corporation ("SEC") and Epson America, Inc. ("Epson America") (collectively "Plaintiffs") for their Complaint allege as follows:

**Allegations Common to All Claims for Relief**

**A.    Jurisdiction and Venue**

1.    Plaintiffs' claims for trademark infringement, unfair competition and false advertising arise under the Lanham Trademark Act, as amended, 15 U.S.C., § 1051, *et seq.*  The Court has jurisdiction over the subject matter of these claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338.

2.    Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

**B.**    __Introduction__

3.      Plaintiffs bring this action to combat the widespread infringement of their trademark rights by Khoa Le a/k/a Kenny Le, an individual and eBay.com seller "whatslife" ("Defendant").  Defendant operates, manages, and/or maintains a prolific counterfeiting scheme, using in part, eBay.com to infringe Plaintiffs' rights by the unlawful offer, distribution, and sale of ink, ink cartridges as well as flat packaging using identical, unauthorized copies of Plaintiffs' trademarks on counterfeit cartridges and retail box packaging with falsified "Best Before" dates ("Counterfeit Products").  The Counterfeit Products are described as new and/or genuine when they are in fact counterfeit and/or also frequently significantly altered, expired or near expired, and/or used.  The Counterfeit Products are materially different from legitimate ink, ink cartridges and packaging manufactured and distributed by Plaintiffs for offer and sale in the domestic United States market.  The Counterfeit Products deceive consumers into thinking they are buying new, genuine Epson products, and their poor quality is incredibly damaging to Plaintiffs' name and reputation.

**C.**    __Plaintiffs__

4.      SEC is a corporation duly organized and existing under the laws of Japan.  Its principal place of business is located in Nagano, Japan.

5.      Epson America is a corporation organized and existing under the laws of the State of California, having its principal place of business in Long Beach, CA. As the North American sales, marketing and customer service affiliate of SEC, Epson America is SEC's sole North American licensee for the distribution of inkjet printers, ink, and ink cartridges using SEC's trademarks.

6.      SEC, together with its subsidiaries, including but not limited to Epson America, is a diversified, global electronics company with operations that offer products in five (5) principal categories: Consumer and Business Printers; Home,

Education and Business Video Projectors; Commercial Printers; Manufacturing Robots; and Augmented Reality Smart Glasses.

7.     A significant aspect of Plaintiffs' business is the production and worldwide distribution of its Epson ink cartridges and ink bottles for Epson printers, which are used for personal, commercial and creative purposes.  Today Epson is one of the world's leading and most respected brands in the area of printing technologies. Epson printers are renowned for their performance, productivity, reliability and cost effectiveness.

8.      SEC is the owner of all relevant intellectual property rights in a variety of trademarks in the specific classes of goods for ink, cartridges, bottles, instruction manuals, cardboard boxes, circuits and software, specifically including but not limited to EPSON® (Reg. No. 1,134,004), EPSON® (Reg. No. 2,144,386), EPSON® (Reg. No. 2,949,374), EPSON® (Reg. No. 3,092,025), EPSON® (Reg. No. 3,520,274), Better Products for a Better Future® (Reg. No. 3,875,333), EPSON EXCEED YOUR VISION® (Reg. No. 3,448,351), DURABRITE® (Reg. No. 2,644,235), and ECOTANK® (Reg. No. 4,875,047) among others (the "Trademarks").  The Trademarks are world famous and distinguish SEC and Epson America products.  The Trademarks are valid, subsisting, in full force and effect, have been registered for more than five years and are incontestable as provided by Section 1065 of the Lanham Act.  Each year Plaintiffs spend significant amounts to develop and maintain the considerable goodwill they enjoy in the Trademarks and in their reputation for high quality.  Plaintiffs have secured exclusive rights to U.S trademark registrations, including, but not limited to, the Trademarks that are listed hereto as Exhibit A.

9.     Plaintiffs have continuously used the Trademarks from the registration dates, or earlier, until the present and at all times relevant to the claims alleged in this Complaint.

10.     As a result of advertising and sales, together with longstanding consumer acceptance, the Trademarks identify SEC's products and authorized sales of these products.  The Trademarks have acquired secondary meaning in the minds of consumers throughout the United States and the world.

**D.    Defendants**

11.     Plaintiffs are informed and believe, and upon that basis allege, that Defendant Khoa Le a/k/a Kenny Le is an individual and also doing business as eBay.com seller "whatslife" ("Le").  Plaintiffs are further informed and believe, and upon that basis allege, that Le is a resident of Winchester, California.  Plaintiffs are further informed and believe, and upon that basis allege, Le is a central player in the infringement alleged herein and had the right and ability to supervise or control the infringing activity alleged herein and had a direct financial interest in such activity. Le is subject to the jurisdiction of this Court through his promotion, distribution, advertisement and/or sale of the Counterfeit Products which infringe the Trademarks within this judicial district.

12.     Upon information and belief, Does 1-10 are either entities or individuals who are residents of or present in this judicial district, or are subject to the jurisdiction of this Court.  Upon information and belief, Does 1-10 are principals, supervisory employees, or suppliers of the named defendant or other entities or individuals who are, in this judicial district, manufacturing, distributing, selling and/or offering for sale merchandise which infringes the Trademarks.  The identities of the various Does are unknown to Plaintiffs at this time.  The Complaint will be amended to include the names of such individuals when identified.  The named Defendant and Does 1-10 are collectively referred to herein as "Defendants."

**E.    Defendants' Infringing Activities**

13.     Defendants have copied, reproduced, distributed, advertised and/or sold and continue to copy, reproduce, distribute, advertise and/or sell the Counterfeit Products, infringing the Trademarks owned by Plaintiffs.  Defendants knew or

- 4 -

should have known Epson America is located in this district as its location in "Long Beach, CA" was prominently marked on the counterfeit retail box packaging of the Counterfeit Products and the counterfeit flat packaging sold by Defendants.

14.     On information and belief, Defendants' infringing activities are part of a complex scheme that sources counterfeit, used, remanufactured, expired or near expired, or "Initial Cartridges" that are not intended for resale separately from the printers with which they were originally bundled.  Any used cartridges are in and of themselves materially different from authorized versions of Epson cartridges sold in the United States insofar as they were collected after use by consumers and refilled with ink not made by Epson.  Initial Cartridges are in and of themselves materially different from authorized versions of Epson cartridges sold in the United States as they lack the kind of protective packaging and other pertinent consumer information consistent with retail versions, and many have lower page yields.  Cartridges sold by Defendants are reworked and/or re-labeled in varying degrees, some re-packaged in counterfeit retail box packaging with false or extended "Best before" dates, and misrepresented as new and/or genuine Epson ink cartridges for the United States market aimed at maximizing resale opportunities.

15.     Plaintiffs are also informed and believe that as part of the reworking process as to some of the Counterfeit Products, the cartridges are removed from their original packaging and from their high quality vacuum seal in order to reprogram and/or replace the accompanying Epson Integrated Circuit ("IC") chip affixed to every genuine Epson cartridge and/or also to replace the original Epson label with a counterfeit label and substitute non-genuine vacuum bag packaging.  Manipulating the IC chip and/or substituting counterfeit Epson labels on the cartridges conceals the fraudulent nature of the product Defendants sell.  In so doing, the quality and lifespan of the ink is degraded, and packaging with instructions for use of the cartridge and important consumer information, specifically including the accurate "Best before" date among other things, is removed.  Defendants distribute the

materially altered and now counterfeit cartridges, at times in counterfeit retail box packaging with falsified "Best before" dates, to unsuspecting consumers as new and genuine Epson ink cartridges.

16.     Plaintiffs have made numerous sample purchases from the Defendants consisting of Counterfeit Products.  Plaintiffs are harmed by this conduct.  Not only are materially different products being distributed into interstate commerce by Defendants in significant quantities, they are frequently deceptively repackaged in counterfeit retail box packaging and are usually counterfeit, significantly altered, expired or near expired, and/or used products distributed in lieu and in place of authorized Epson ink and ink cartridges manufactured and packaged by Epson appropriately for sales in the United States.  The reworking process negatively impacts the quality of the cartridges and the ink.  Defendants' use of the Epson Trademarks tricks consumers into believing they are purchasing genuine packaging or a new product, manufactured and approved by Epson.  As a result of this counterfeiting scheme and Defendants' deceptive practices, Plaintiffs lose control over their trademarks and by the injection of substandard product into the market by Defendants, the goodwill and reputation Plaintiffs have developed through their investment, innovation, and dedication to customer satisfaction is irreparably damaged.

17.     Upon information and belief, long after Plaintiffs' adoption and use of SEC's Trademarks on a diverse range of goods, and after SEC obtained the trademark registrations alleged above, Defendants adopted and used identical and substantially identical likenesses of SEC's Trademarks in connection with the Counterfeit Products, without Plaintiffs' consent, by manufacturing, advertising, displaying, distributing, selling and/or offering to sell unauthorized ink, ink cartridges, and flat packaging using the SEC Trademarks.  Defendants have caused the Counterfeit Products to enter into commerce and to be transported or used in commerce.  Defendants are not licensed by Plaintiffs and at all relevant times were

- 6 -

not authorized by Plaintiffs or any authorized agent of Plaintiffs to manufacture, import, distribute, sell and/or offer for sale any products.

18.     Defendants are currently engaged in such illicit practices and, unless enjoined by this Court, will continue such unauthorized and illicit practices.  By engaging in this conduct, Defendants have acted in willful disregard of laws protecting Plaintiffs' goodwill and related proprietary rights and have confused and deceived, or threaten to confuse and deceive, the consuming public concerning the source and sponsorship of the products.  By their wrongful conduct, Defendants have traded upon and diminished Plaintiffs' goodwill.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement)

19.     Plaintiffs repeat and reallege all of the allegations contained in paragraphs 1 through 18, inclusive, as though set forth herein in full.

20.     Plaintiffs are the owners of exclusive rights to Plaintiffs' Trademarks, including the federal registrations indexed as Exhibit A.  Each of the trademark registrations relating to Plaintiffs' Trademarks is in full force and effect.

21.     Defendants' importation, manufacture, advertisement, display, promotion, marketing, offer for sale, sale, and/or distribution of the Counterfeit Products are likely to cause confusion or to cause mistake or to deceive the relevant public and trade regarding the affiliation, sponsorship, endorsement or approval of Defendants' Counterfeit Products by Plaintiffs.  Such confusion, mistake and deception is aggravated by the confusing similarity between the Trademarks and the use of near identical if not identical likenesses in connection with the Defendants' Counterfeit Products in the same type of goods made, imported and sold by or under authority of Plaintiffs.

22.     Defendants have used and continue to use in commerce unauthorized reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of the

- 7 -

Seiko Epson Corp., et al. v. Le: Complaint

Counterfeit Products, which uses are likely to cause confusion, mistake and/or deception among consumers.  Defendants are therefore liable to Plaintiffs for infringement of Plaintiffs' Trademarks pursuant to 15 U.S.C. § 1114.

23.    Plaintiffs are informed and believe and, upon that basis allege, that Defendants, and each of them, acted with knowledge of the federally registered trademarks alleged herein and of the valuable goodwill Plaintiffs enjoy in connection therewith, with intent to confuse, mislead and deceive the public into believing that the Defendants' Counterfeit Products were sold by Plaintiffs, or are in some other manner, approved or endorsed for sales in the U.S. by Plaintiffs.  Defendants' use of reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks, without Plaintiffs' consent or authorization, including on the Counterfeit Products themselves, was and continues to be intentional and willful within the meaning of 15 U.S.C. § 1114 and § 1117.

24.    Plaintiffs have suffered and continue to suffer irreparable harm and damages a result of Defendants' acts of trademark infringement in amounts thus far not determined but within the jurisdiction of this Court, which amounts should each be trebled pursuant to 15 U.S.C. § 1117.  In order to determine the full extent of such damages, including such profits as may be recoverable under 15 U.S.C. § 1117, Plaintiffs will require an accounting from each Defendant of all monies generated from the, importation, manufacture, distribution and/or sale of the Defendants' products as alleged herein.  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

25.    Defendants' conduct has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.  As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a).  Further, because

- 8 -

Defendants' infringing conduct has been and continues to be willful, Plaintiffs are entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a).  In the alternative, Plaintiffs may elect to recover statutory damages pursuant to 15 U.S.C. § 1117(c).

## SECOND CLAIM FOR RELIEF

### (Unfair Competition)

26.     Plaintiffs bring the following claim of unfair competition under the Lanham Act against Defendants and incorporate by reference the allegations contained in paragraphs 1 through 25 above.

27.     As a direct result of Plaintiffs' longstanding use, sales, advertising, and marketing, the Trademarks have acquired secondary and distinctive meaning among the public who have come to identify the Trademarks listed with Plaintiffs and their products.

28.     The Defendants' Counterfeit Products exactly duplicate and appropriate the Trademarks and delude and confuse the public into believing that Plaintiffs approved, authorized, or sponsored the ink and ink cartridges sold, offered for sale, or distributed by Defendants.

29.     Defendants, by misappropriating and using the likenesses of the Trademarks in connection with the sale of the Counterfeit Products are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of Defendants' products.  Defendants have caused such Counterfeit Products to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their products are authorized by Plaintiffs.

30.      These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

- 9 -

Seiko Epson Corp., et al. v. Le: Complaint

31.     Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

32.     Plaintiffs have suffered monetary damages as a result of Defendants' acts.

## THIRD CLAIM FOR RELIEF

### (False Advertising)

33.     Plaintiffs bring the following claim of unfair competition under the Lanham Act against Defendants and incorporate by reference the allegations contained in paragraphs 1 through 32 above.

34.     Plaintiffs are informed and believe that Defendants source and/or alter counterfeit, used, expired or near expired, or Initial Cartridges as well as flat packaging for re-sale in the United States representing them as new and genuine Epson ink cartridges and packaging.

35.     Upon information and belief Defendants' advertising in connection with sales of their products, actually deceived and/or had the tendency to deceive a substantial segment of consumers in that the distinction between a new and counterfeit, used, and/or altered product is material, likely influencing the purchasing decision by unsuspecting consumers.

36.     Defendants caused their false representations to be made in interstate commerce via eBay.com, at least.

37.     Plaintiffs are injured as a result of Defendants' false representations concerning their products, either by direct diversion of sales from themselves to Defendants or by a lessening of the goodwill associated with their products.

38.     Defendants' acts have irreparably injured, and, unless enjoined, will continue to irreparably injury Plaintiffs, and Plaintiffs have no adequate remedy at law.

Seiko Epson Corp., et al. v. Le: Complaint

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand:

A. That Defendants, their agents, servants, employees, representatives, successor and assigns, and all persons, firms, corporations or other entities in active concert or participation with any of said Defendants, be immediately and permanently enjoined from:

1. Directly or indirectly infringing the Trademarks in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any goods which infringes the said Trademarks, and, specifically;

2. Manufacturing, distributing, advertising, selling and/or offering for sale Defendants' ink, ink cartridges, flat packaging, or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the Trademarks;

3. Manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing and/or substantial similarity to any of the Trademarks;

4. Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiffs, are sponsored, approved or licensed by Plaintiffs or are in some way affiliated with Plaintiffs;

5. Affixing, applying, annexing or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods a false description or representation, including words

Seiko Epson Corp., et al. v. Le: Complaint

or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs;

      6.    Otherwise competing unfairly with Plaintiffs in any manner;

      7.    Destroying or otherwise disposing of:

          a.    Merchandise falsely bearing the Trademarks;

          b.    Any other products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of the Trademarks;

          c.    Any labels, packages, wrappers, containers or any other unauthorized promotion or advertising material item which reproduces, copies, counterfeits, imitates or bears any of the Trademarks;

          d.    Any molds, screens, patterns, plates, negatives or other elements used for making or manufacturing products bearing the Trademarks;

          e.    Any sales and supply or customer journals, ledgers, invoices, purchase orders, inventory control documents, bank records, catalogs and all other business records, believed to concern the manufacture, purchase, advertising, sale or offering for sale of products related to the ink, ink cartridges and/or flat packaging;

    B.    That those Defendants infringing upon the Trademarks be required to pay actual damages increased to the maximum extent permitted by law and/or other applicable damages at Plaintiffs' election;

    C.    That Defendants' profits, assets, inventory, and records, be enjoined or restrained during the pendency of this Action pursuant to 15 U.S.C. § 1116 and Fed. R. Civ. P. 65;

    D.    That actual damages be trebled pursuant to 15 U.S.C. § 1117;

E.      That Defendants account for and pay over to Plaintiffs all damages sustained by Plaintiffs and profits realized by Defendants by reason of Defendants' unlawful acts herein alleged and that those profits be increased as provided by law;

F.      That Plaintiffs recover from Defendants their costs of this action and reasonable attorneys' fees; and

G.      That Plaintiffs have all other and further relief as the Court may deem just and proper under the circumstances.


Dated:  November 19, 2020              Wang Law Corporation


                                       By: /s/ Annie S. Wang
                                           Annie S. Wang
                                           J. Andrew Coombs, Of Counsel
                                       Attorneys for Plaintiffs Seiko Epson
                                       Corporation and Epson America, Inc.

1

## **DEMAND FOR JURY TRIAL**

2

3          Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs Seiko Epson

4   Corporation and Epson America, Inc. hereby demands a trial by jury of all issues so

5   triable.

6   Dated:  November 19, 2020          Wang Law Corporation

7

8                                       By: /s/ Annie S. Wang
                                             Annie S. Wang
9                                            J. Andrew Coombs, Of Counsel
                                        Attorneys for Plaintiffs Seiko Epson
10                                      Corporation and Epson America, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Seiko Epson Corp., et al. v. Le: Complaint

1

## EXHIBIT A

2

## SEC'S TRADEMARKS

3

| Trademark | Registration Number | Date of Registration | Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9 and 16 |
| EPSON | 2,949,374 | 5/10/2005 | 16 |
| EPSON | 3,092,025 | 5/16/2006 | 9 |
| EPSON | 3,520,274 | 10/21/2008 | 9 |
|  EPSON EXCEED YOUR VISION | 3,448,351 | 6/17/2008 | 2, 9 and 16 |
|  Better Products for a Better Future | 3,875,333 | 11/16/2010 | 2, 9, 16 and 40 |
| CLARIA | 3,428,711 | 5/13/2008 | 2 |
| DURABRITE | 2,644,235 | 10/29/2002 | 2 |
| ECOTANK | 4,875,047 | 12/22/2015 | 2 and 9 |
| ULTRACHROME | 4,265,246 | 12/25/2012 | 2 |
|  | 5,402,648 | 2/13/2018 | 2 |
|  | 5,514,446 | 7/10/2018 | 2 |

28

Seiko Epson Corp., et al. v. Le: Complaint