JS-6

Annie S. Wang (SBN 243027)
annie@wangalc.com
J. Andrew Coombs, Of Counsel (SBN 123881)
andy@wangalc.com
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:  (818) 500-3200
Facsimile:   (818) 500-3201

Attorneys for Plaintiffs
Seiko Epson Corporation
and Epson America, Inc.

Songfong Tommy Wang (SBN 272409)
twang@thewangiplaw.com
Zhen Yang (Tommy) Pan (SBN 314714)
tpan@thewangiplaw.com
Wang IP Law Group, PC
18645 Gale Avenue, Suite 205
City of Industry, California 91748-1345
Telephone:  (626) 269-6753
Facsimile:   (888) 827-8880

Attorney for Defendant
Khoa Le a/k/a Kenny Le

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Seiko Epson Corporation and Epson America, Inc., | ) ) ) | CASE NO. 5:20-CV-02433-JWH-SPx |
|---|---|---|
| Plaintiffs, | ) ) | CONSENT JUDGMENT AND PERMANENT INJUNCTION |
| v. | ) ) | |
| Khoa Le a/k/a Kenny Le; and Does 1-10, inclusive, | ) ) ) | |
| Defendants. | ) ) | |

The Court, having read and considered the Joint Stipulation re Entry of [Proposed] Consent Judgment and Permanent Injunction that has been executed by Plaintiffs Seiko Epson Corporation and Epson America, Inc. (collectively "Plaintiffs") and Defendant Khoa Le a/k/a Kenny Le ("Defendant") in this action, and good cause appearing therefore, hereby:

**ORDERS** that this Consent Judgment and Permanent Injunction shall be and is hereby entered in the within action as follows:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendant.

2. Plaintiffs are the owners or exclusive U.S. licensees of all rights in and to the trademark registrations listed in Exhibit A attached hereto and incorporated herein by this reference (collectively, the "Trademarks").

3. Plaintiffs have expended considerable resources in the creation and commercial exploitation of the Trademarks on merchandise and in the enforcement of their intellectual property rights in the Trademarks.

4. Plaintiffs have alleged that Defendant has made unauthorized uses of the Trademarks or substantially similar likenesses or colorable imitations thereof.

5. Defendant and his agents, servants, employees and all persons in active concert and participation with him who receive actual notice of the injunction are hereby restrained and enjoined from directly or indirectly infringing the Trademarks in any manner, including generally, but not limited to, manufacture, importation, distribution, advertising, selling and/or offering for sale any goods or packaging which infringe the Trademarks, and, specifically:

    (a) Manufacturing, distributing, advertising, selling and/or offering for sale any other unauthorized products or packaging which picture, reproduce,

- 2 -

copy, or use the likenesses of or bear a confusing and/or substantial similarity to any of the Trademarks;

(b) Manufacturing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized promotional materials, labels, packaging, or containers which picture, reproduce, copy, or use the likenesses of or bear a confusing and/or substantial similarity to any of the Trademarks;

(c) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe the actions of Defendant, the products sold by Defendant, or Defendant himself is connected with Plaintiffs, are sponsored, approved, or licensed by Plaintiffs or are in some way affiliated with Plaintiffs;

(d) Affixing, applying, annexing, or using in connection with the importation, manufacture, distribution, advertising, sale and/or offer for sale or other use of any goods a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiffs; or

(e) Otherwise competing unfairly with Plaintiffs in any manner.

6. Each side shall bear its own fees and costs of suit.

7. Except as provided herein, all claims alleged in the Complaint against Defendant are dismissed with prejudice.

8. This Consent Judgment and Permanent Injunction shall be deemed to have been served upon Defendant at the time of its execution by the Court.

9. The Court finds there is no just reason for delay in entering this Consent Decree and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Consent Judgment and Permanent Injunction against Defendant.

10. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Consent Judgment and Permanent Injunction.

11. The above-captioned action shall be reopened should Defendant default under the terms of this Consent Judgment and Permanent Injunction.

12. This Court shall retain jurisdiction over Defendant for the purpose of making further orders necessary or proper for the construction or modification of this Consent Judgment and Permanent Injunction, the enforcement hereof or the punishment of any violations hereof.

13. Plaintiffs' Motion for Default Judgment [ECF No. 16] currently set for October 1, 2021, at 9:00 a.m. is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: September 27, 2021

_____
Hon. John W. Holcomb
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

Wang Law Corporation

By:  /s/
_____
Annie S. Wang
J. Andrew Coombs, Of Counsel
Attorneys for Plaintiffs Seiko Epson
Corporation and Epson America, Inc.

Wang IP Law Group, PC

By:  /s/
_____
Zhen Yang (Tommy) Pan
Attorney for Defendant Khoa Le a/k/a Kenny Le

Seiko Epson Corporation, et al. v. Khoa Le, et al.: Consent Judgment

# EXHIBIT A

| Trademark | Registration Number | Date of Registration | Class(es) of Goods |
|---|---|---|---|
| EPSON | 1,134,004 | 4/29/1980 | 9 |
| EPSON | 2,144,386 | 3/17/1998 | 2, 9 and 16 |
| EPSON | 2,949,374 | 5/10/2005 | 16 |
| EPSON | 3,092,025 | 5/16/2006 | 9 |
| EPSON | 3,520,274 | 10/21/2008 | 9 |
| EPSON EXCEED YOUR VISION (logo) | 3,448,351 | 6/17/2008 | 2, 9 and 16 |
| Better Products for a Better Future (logo) | 3,875,333 | 11/16/2010 | 2, 9, 16 and 40 |
| CLARIA | 3,428,711 | 5/13/2008 | 2 |
| DURABRITE | 2,644,235 | 10/29/2002 | 2 |
| ECOTANK | 4,875,047 | 12/22/2015 | 2 and 9 |
| ULTRACHROME | 4,265,246 | 12/25/2012 | 2 |
| (design mark) | 5,402,648 | 2/13/2018 | 2 |
| (ink bottle design mark) | 5,514,446 | 7/10/2018 | 2 |

Seiko Epson Corporation, et al. v. Khoa Le, et al.: Consent Judgment

- 5 -